**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA           :
                                   :
    -against-                       :  No. 11 Cr. 685 (JFK)
                                   :
VICTOR EMILIO CAZARES-SALAZAR,     :  **ORDER**
                                   :
                     Defendant.    :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/20/2020

<u>APPEARANCES</u>

FOR DEFENDANT VICTOR EMILIO CAZARES-SALAZAR:
    Jan E. Ronis
    LAW OFFICES OF RONIS & RONIS

FOR THE UNITED STATES OF AMERICA:
    Jun Xiang
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Victor Emilio Cazares-Salazar a/k/a Victor Emilio Cazares-Gastellum ("Cazares-Gastellum") for a sentence reduction to time served and his immediate transfer to home confinement for the remainder of his original sentence due to Cazares-Gastellum's age (he is 57), underlying health issues, and the Coronavirus, COVID-19. Cazares-Gastellum brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).

    On October 26, 2016, Cazares-Gastellum was sentenced in the United States District Court for the Southern District of California, Hon. William Q. Hayes, to 180 months' imprisonment for conspiracy to distribute a controlled substance in violation

of 21 U.S.C. §§ 841(a)(1) and 846. See United States v. Cazares-Gastellum, No. 07 Cr. 499 (WQH) (S.D. Cal.).  Subsequent to his incarceration in California, Cazares-Gastellum pleaded guilty before this Court to trafficking heroin and cocaine in violation of 21 U.S.C. §§ 960(b)(1)(A), 960(b)(1)(B)(ii), and 963.  On December 7, 2017, this Court sentenced Cazares-Gastellum to 180 months' imprisonment to run concurrent to the sentence imposed by Judge Hayes in the Southern District of California.  Cazares-Gastellum is serving both sentences at the Federal Correctional Institution in Lompoc, California.  His projected release date is January 1, 2026.

On June 11, 2020, Cazares-Gastellum simultaneously sought compassionate release from this Court and Judge Hayes.  On June 29, 2020, Judge Hayes denied Cazares-Gastellum's request. See United States v. Cazares-Gastellum, No. 07 Cr. 499 (WQH), Dkt. No. 661 (S.D. Cal.) (filed on June 30, 2020).

For the same reasons as those articulated in Judge Hayes's decision, a copy of which is attached, Cazares-Gastellum's motion for similar relief from this Court is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 77.

**SO ORDERED.**

Dated:   New York, New York
         July 20, 2020

_____
John F. Keenan
United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>VICTOR EMILIO CAZARES-GASTELLUM (1),<br><br>          Defendant. | Case No.: 07cr449 WQH<br><br>**ORDER** |

HAYES, Judge,

  The matter before the Court is the motion and emergency motion for compassionate release (ECF No. 656) filed by the Defendant.

### FACTS

  On June 28, 2016, Defendant entered a plea of guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant admitted that he agreed with at least one other to distribute cocaine, methamphetamine, and marijuana.

  On October 26, 2016, this Court sentenced Defendant to serve 180 months in the custody of the Bureau of Prisons. Subsequent to this sentence, Defendant pled guilty to trafficking heroin and cocaine in violation of 21 U.S.C. §§ 960(b)(1)(A), (b)(1)(B)(ii) and

1

963 in the Southern District of New York. Defendant was sentenced in the Southern District of New York to 180 months in custody of the Bureau of Prisons to run concurrent to his sentence in this case.[1]

On June 11, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court order a reduction in his sentence with a condition of home confinement for a period equal to the remaining time on his original sentence. Defendant asserts that he is 57 years old, suffers from serious medical conditions, and falls within the COVID-19 at risk group. Defendant asserts that "life threatening COVID-19 at FCI Lompoc, a realistic inability to prevent infection, and health conditions make him usually vulnerable to COVID-19, likely resulting in his death." (ECF No. 656-1 at 15). Defendant asserts that the COVID-19 outbreak at FCI Lompoc presents an extraordinary and compelling circumstance warranting his compassionate release. Defendant asserts that his offense conduct was non-violent in nature, that he has conformed his behavior to institutional requirements, and that he should not be determined a danger to the community upon release.

Plaintiff United States contends that Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction.[2] Plaintiff United States asserts that Defendant has failed to provide any medical evidence to support reducing his sentence and that conditions of confinement at FCI Lompoc do not support Defendant's release from custody. Plaintiff United States further asserts that Defendant poses a danger to the safety of the community and that §3553(a) factors weigh strongly against Defendant's release.

---

[1] Defendant states that a motion for compassionate release was filed in the Southern District of New York case simultaneously with this motion for compassionate release.
[2] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

**RULING OF THE COURT**

18 U.S.C. § 3582(c)(1)(A) provides:

The court may not modify a term of imprisonment once it has been imposed except that--
(1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
(1)(A) Extraordinary and compelling reasons warrant the reduction. . .

3

07cr449 WQH

|   |   |
|---|---|
| 1 | (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and |
| 2 | (3) The reduction is consistent with this policy statement. |
| 3 |   |

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant was sentenced to 180 months in the custody of the Bureau of Prisons for the distribution of more than 450 kilograms of cocaine in the Southern District of California. Defendant admitted that he participated in a conspiracy with at least one other person to distribute cocaine, methamphetamine, and marijuana beginning on a date unknown and continuing up to an including February 28, 2007. Defendant was subsequently sentenced to a concurrent 180 months in custody for conspiracy to import heroin and cocaine into the United States in the Southern District of New York. Defendant entered a plea of guilty in the Southern District of New York to charges of conspiring with others to import heroin and cocaine into the United States from at least 2003, up to and including October 2010. This District Judge and the District Judge in the Southern District applied the factors under 18 U.S.C. § 3553(a) and concluded that Defendant's participation in these serious offenses supported the imposition of the 180 months sentence. Defendant has served approximately half of his 180 month sentence. The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

The Court finds that the existence of the COVID-19 pandemic, does not provide a basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) in this case. The facts presented in this record show Bureau of Prisons has modified operational plans to address the risk of COVID-19 transmission at FCI Lompoc. Defendant's age, ethnicity, and health conditions do not serve as "extraordinary and compelling reasons" for his release. 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has failed to demonstrate factors set forth in 18 U.S.C. § 3553(a) that would support a reduction in the sentence imposed taking into account the seriousness of his offenses and the lengthy participation of this Defendant in the importation and distribution of controlled substances.

The Court has no authority to direct the Bureau of Prisons to place a defendant in home confinement. Once a sentence is imposed, the Bureau of Prisons is responsible to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). Under the Coronavirus Aid, Relief, and Economic Security Act, enacted March 27, 2020, the Bureau

of Prisons may "lengthen the maximum amount to time for which the Director is authorized to place a prisoner in home confinement" if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau of Prisons. Pub. L. No. 116-136, § 12003(b)(2), 134 Stat, 281, 516. On April 3, 2020, the Attorney General gave the Director of the Bureau of Prisons the authority to exercise this discretion at facilities that have seen the greatest incidence of coronavirus transmission. This Court has no authority to direct the exercise of this discretion by the Director of the Bureau of Prisons.

IT IS HEREBY ORDERED that the motion and emergency motion for compassionate release (ECF No. 656) is denied.

Dated: June 29, 2020

Hon. William Q. Hayes
United States District Court